IN THE CIRCUIT COURT OF PLATTE COUNTY MISSOURI

| | |
|---|---|
| TRENTON D. JOHNSON )<br>703 Quincy Blvd. )<br>Smithville, MO 64089 )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>EXIDE TECHNOLOGIES, INC. )<br>SERVE: CT Corporation System )<br>    120 South Central Ave. )<br>    Clayton, MO 63105 )<br> )<br>Defendant. ) | Case No. |

## PETITION FOR DAMAGES

COMES NOW Plaintiff, TRENTON D. JOHNSON, by and through his attorney of record, and for his Petition for Damages against Defendant EXIDE TECHNOLOGIES, INC., (hereinafter "Defendant"), sets forth, states and avers as follows:

### THE PARTIES

1. That Plaintiff TRENTON D. JOHNSON is a resident of Clay County, Missouri, residing at 703 Quincy Blvd., Smithville, Missouri 64089.

2. That Defendant EXIDE TECHNOLOGIES, INC.., is a foreign corporation formed under the laws of Delaware, with its principal place of business at 13000 Deerfield Pkwy., Bldg. 200 Milton, GA 30004, registered to do business in the state of Missouri, and can be served at the above address.

3. That Defendant EXIDE TECHNOLOGIES, INC., operates a manufacturing facility at 7601 NW 107th Terrace, Kansas City, Missouri, for the production of producing punched grids for its line of automotive batteries, and it was at this location that Plaintiff JOHNSON sustained serious and permanent physical injury.

4. That Defendant EXIDE TECHNOLOGIES, INC., created the hazardous condition on the premises located at 7601 NW 107th Terrace, Kansas City, Missouri, to wit, by and through its agents, servants, and employees, failed to properly secure guards and/or covers over a vat of molten slag or to otherwise warn and barricade the vat, which was the cause of Plaintiff's burns to his legs and serious injury.

## VENUE AND JURISDICTION

5. That venue in the instant cause is proper in the Circuit Court of Platte County, Missouri, pursuant to R.S.Mo. 508.010 et seq., in that the cause of action occurred and accrued in Platte County.

6. That this Court has jurisdiction over Defendant EXIDE TECHNOLOGIES, INC., pursuant to Section 506.500 R.S. Mo., in that Defendant committed a tortious act within the state of Missouri, and jurisdiction over Defendant comports with the due process requirements of the Missouri and the United States Constitutions.

## ALLEGATIONS COMMON TO ALL COUNTS

7. That on or about February 26, 2018, and before and since that date, Defendant, EXIDE TECHNOLOGIES, INC., has owned, occupied and/or had the possession and control of the premises referenced above, located at or near 7601 NW 107th Terrace, Kansas City, Missouri.

8. That Defendant EXIDE TECHNOLOGIES, INC., is responsible, in whole or in part, for maintaining, preserving and repairing the guards, grating, and covers of the vat at issue located at 7601 NW 107th Terrace, Kansas City, Missouri.

9. That the property upon which the dangerous condition existed, on or about February 26, 2018, was in the care, custody or control of Defendant EXIDE TECHNOLOGIES, INC.

10. Defendant EXIDE TECHNOLOGIES, INC., failed to take reasonable actions to properly inspect the portions of the premises for which it retained control and on which ongoing work of its hired contractors was taking place, to keep the premises reasonably safe for persons such as Plaintiff.

11. That Defendant EXIDE TECHNOLOGIES, INC., maintained substantial control of their own premises, the means of egress to the premises, the time of work, and operations conducted on the premises, subject to Plaintiff's work.

12. That the defective nature of the premises at issue and the failure to properly secure guards and/or covers over a vat of molten slag or to otherwise warn and barricade the vat where Plaintiff was injured, pre-dated the work of Concorp, and was created by affirmative acts of Defendant's employee prior to February 26, 2018.

13. That the defective nature of the premises at issue and the failure to properly secure guards and/or covers over a vat of molten slag or to otherwise warn and barricade the vat in close proximity to Plaintiff's work area was a hidden and latent defect, which were or should have been known to Defendant but were not discoverable by Plaintiff or Plaintiff's employer.

14. That on February 26, 2018, Plaintiff was lawfully on the above-referenced premises as an invitee, performing work for CONCORP, at the property owned by Defendant EXIDE TECHNOLOGIES, INC.

15. At all relevant times herein, Plaintiff was unfamiliar with the dangers and hazards which caused his injury.

16. That while Plaintiff was on said premises on February 26, 2018, Plaintiff unexpectedly and without warning, fell from his work area adjacent to the unprotected vat, suffering burns and serious injury.

17. That the injuries suffered by Plaintiff were entirely preventable had EXIDE TECHNOLGIES, INC., met basic safety requirements, yet the company has a long history of failing to protect individuals working in their plants nationwide. Including but not limited to:

   a. Salina, Kansas 2015; amputation injury to a worker in which the United States Department of Labor issued a statement, stating: "*Exide Technologies is exposing workers to dangerous electrical and machine hazards that can cause devastating and life-changing injuries like the one this worker suffered. While working as a strip caster, this mad joined 65 other Kansas workers who, the Bureau of Labor Statistics, reports suffered preventable workplace amputation injuries in 2015. Exide needs to clean up its act and take immediate action to fix these hazards.*" Exide was also cited for;

      i. Using electrical cable trays and equipment found deteriorating from exposure to sulfuric acid vapors;

      ii. Allowing acid and water to accumulate on floors causing holes, slip and trip hazards;

      iii. Impeding exit paths;

      iv. Failing to develop a permit-required confined space program;

      v. Not training and monitoring workers in confined space;

      vi. Not labeling hazardous chemical containers; and

      vii. Failing to train workers about hazardous chemicals in use.

b. Reading, Pennsylvania, 2004; employee died after falling from a ladder into a pool of sulfuric acid, thereafter, being fined by OSHA for violations.

c. Frisco, Texas, 2011; citations by OSHA for serious violations and repeat violations of lead standards.

d. As far back as 1988; Defendant Exide has been cited time and again for safety violations, including but not limited to exposing workers to unsafe levels of lead.

## **NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT EXIDE TECHNOLOGIES, INC.**

COMES NOW Plaintiff, TRENTON D. JOHNSON, and for his Petition for Damages against Defendant EXIDE TECHNOLOGIES, INC., sets forth, states and avers as follows:

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17 above as if fully stated herein.

19. That as the owner and/or possessor of said premises on the above-referenced date, which as set forth above, it continued to exercise substantial control, Defendant EXIDE TECHNOLOGIES, INC., had a duty under Missouri law to exercise ordinary and reasonable care for the protection of Plaintiff and other invitees properly on the premises, and to keep the premises reasonably safe for persons such as Plaintiff, including inspecting and maintaining the areas on their property where it is reasonably anticipated that people would be walking and working, including but not limited to properly securing guards and/or covers over a vat of molten slag, or to otherwise warn and barricade the vat.

20. That Defendant EXIDE TECHNOLOGIES, INC., knew or by using ordinary care could have known of this condition in time to remedy and/or warn of such condition.

21. That Defendant EXIDE TECHNOLOGIES, INC., failed to use ordinary care to remedy, barricade, guard, cover, and/or warn of such condition.

22. That the failure of Defendant to maintain the secure guards and/or covers over a vat of molten slag or to otherwise warn and barricade the vat structures, created a dangerous condition on the property which presented a reasonably foreseeable risk of harm of the type that Plaintiff sustained, and presented an unreasonably dangerous condition on the property.

23. That disregarding their duty, EXIDE TECHNOLOGIES, INC., committed the following acts and omissions:

  a. Failed to provide a good, safe and proper place for the Plaintiff to be, use, occupy, work, and walk on while on the subject premises;

  b. Affirmatively created a dangerous condition by the actions of its employees in failing to properly secure guards and/or covers over a vat of molten slag or to otherwise warn and barricade the vat;

  c. Allowed and permitted the subject premises to become and/or remain in a dangerous condition;

  d. Failed to barricade/guard and/or warn of the unsafe condition or otherwise remedy the unsafe condition that existed on the property;

  e. Despite retaining control, failing to inspect the premises to be certain that it was in a good, safe and proper condition; free from hazards, such as the unsecured structure at issue;

  f. Failed to warn the Plaintiff and others of the unsafe, defective and dangerous condition of the subject premises; and

g. Failed to safeguard invitees, such as Plaintiff, by maintaining walking paths and/or sidewalks in an unsafe manner.

24. That Defendant EXIDE TECHNOLOGIES, INC., knew or by using ordinary care could have known of the condition in time to remedy and/or warn of the condition to prevent injury to Plaintiff and others.

25. That Defendant's actions exhibited conscious disregard for the safety of Plaintiff and others in a willful and wanton manner.

26. That Defendant EXIDE TECHNOLOGIES, INC., had actual or constructive notice of the dangerous condition by repairing the guards, grating, and covers, and/or placing barricades or warning signs in its place in sufficient time prior to Plaintiff's injury to have protected against the dangerous condition, but in failing to do so, Defendant was negligent.

27. That Defendant EXIDE TECHNOLOGIES, INC., knew Plaintiff or another similar employee from Concorp, would be on the property to install and/or undertake work on or around February 26, 2018, but failed to warn, barricade or otherwise remedy the unsafe condition then existing on their property.

28. That on February 26, 2018, Defendant EXIDE TECHNOLOGIES, INC., was responsible for the maintenance and inspection of the property upon which Plaintiff fell, including the catwalks, grating, and structures, which duty included the area where Plaintiff was struck by unsecured grating, and which duty included making sure those areas were free of hazards, such as unsecured structures that could pose an unreasonable danger to Plaintiff and others, and to make sure the property was free from hazards when reasonably used by Plaintiff and others.

29. That Defendant's failure to maintain, inspect, warn, and/or barricade the area, were negligent omissions which caused or contributed to cause the dangerous condition on the property.

7

Case 5:20-cv-06036-DGK   Document 1-1   Filed 03/18/20   Page 7 of 13

30. That as a direct and proximate result of Defendant's negligence, omissions and failures, Plaintiff sustained serious and debilitating injuries, including but not limited to injury to his head, neck, back, shoulders, and internal organs, together with pain and suffering, mental anguish, medical costs, lost wages, and loss of enjoyment of life, said injuries being permanent, progressive and continuous in nature.

31. That as a further direct and proximate result of the negligence of Defendant EXIDE TECHNOLOGIES, INC., Plaintiff sustained lost wages and medical bills, and is reasonably certain to suffer in the future additional such losses, as well as ongoing pain and suffering.

WHEREFORE, Plaintiff prays for judgment against Defendant for an amount in excess of $25,000.00 dollars, together with all other costs and relief that the Court deems just and reasonable, as well as punitive and exemplary damages which will deter Defendant and others from like similar conduct.

### Demand for Trial

COMES NOW Plaintiff and requests a trial by jury on all issues so triable.

EDELMAN & THOMPSON, LLC

By: /s/ James T. Thompson
James T. Thompson        MO #37245
Elizabeth L. VanErem     MO #68812
3100 Broadway, Suite 1400
Kansas City, Missouri 64111
Phone: (816) 561-3400
Facsimile: (816) 561-1664
jamesthompson@etkclaw.com
evanerem@etkclaw.com

ATTORNEYS FOR PLAINTIFF

# <u>**M E M O R A N D U M**</u>

TO:         Clerk of the Circuit Court
                Platte County, Missouri

DATE:     February 7, 2020

FROM:     Karly Goll
                Legal Assistant
                EDELMAN & THOMPSON, LLC
                3100 Broadway – Suite 1400
                Kansas City, MO 64111
                (816) 561-3400

RE:         Trenton Johnson v. Exide Technologies, Inc. – New Case Filing

      Please issue a Summons for personal service of the Petition, to the Defendant as follows:

           EXIDE TECHNOLOGIES, INC.
           Serve: CT Corporation System
                120 South Central Ave.
                Clayton, MO 63105

      Plaintiff will forward the summons, documents and service fees to the St. Louis County, Missouri Sheriff for service. Please let me know if there is anything else you might need. Thank you for your help fulfilling this request.

                                              Thank you.

                                              */s/ Karly Goll*

                                              Karly Goll, Legal Assistant



# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| Judge or Division:<br>JAMES W VAN AMBURG | Case Number: 20AE-CC00038 |
|---|---|
| Plaintiff/Petitioner:<br>TRENTON JOHNSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAMES TRIVETT THOMPSON<br>EDELMAN AND THOMPSON LLC<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>EXIDE TECHNOLOGIES, INC. | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** EXIDE TECHNOLOGIES, INC.
**Alias:**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE.
CLAYTON, MO 63105

*COURT SEAL OF PLATTE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_Monday, February 10, 2020_     /s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.
Date                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
Date                                              Notary Public

**Sheriff's Fees, if applicable**
Summons                                        $_____
Non Est                                            $_____
Sheriff's Deputy Salary
Supplemental Surcharge             $    10.00
Mileage                                           $_____ ( _____ miles @ $._____ per mile)
**Total**                                           $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only*: Document Id # 20-SMCC-76    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06038-DGK   Document 1-1   Filed 03/18/20   Page 10 of 13

 **IN THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI**

**NOTICE
SETTING ON CALENDAR**

STATE OF MISSOURI )
) ss
COUNTY OF PLATTE )

CASE NO: 20AE-CC00038
NATURE OF SUIT: CC Pers Injury-Other

TRENTON JOHNSON
Plaintiff/Petitioner

    v.

EXIDE TECHNOLOGIES, INC.
Defendant/Respondent

TO:

| TRENTON JOHNSON 703 QUINCY BLVD. SMITHVILLE, MO 64089 | EXIDE TECHNOLOGIES, INC. CT CORPORATION SYSTEM 120 SOUTH CENTRAL AVE. CLAYTON, MO 63105 | JAMES TRIVETT THOMPSON EDELMAN AND THOMPSON LLC 3100 BROADWAY SUITE 1400 KANSAS CITY, MO 64111 | |

You are hereby notified that the referenced case has been set on the calendar as follows:

    Division: DIVISION 2 COURT ROOM
    Date: 15-MAY-2020
    Time: 09:00 AM
    Setting: 90 DAY DOCKET CALL

Date: 10-FEB-2020

    Kimberly K. Johnson
    Circuit Clerk, Platte County

V:\LOCTEMPS\TRST.doc



Return    SIB 3-10

# IN THE 6TH JUDICIAL CIRCUIT, PLATTE COUNTY, MISSOURI

| Judge or Division:<br>JAMES W VAN AMBURG | Case Number: 20AE-CC00038 |
|---|---|
| Plaintiff/Petitioner:<br>TRENTON JOHNSON | Plaintiff's/Petitioner's Attorney/Address<br>JAMES TRIVETT THOMPSON<br>EDELMAN AND THOMPSON LLC<br>3100 BROADWAY<br>SUITE 1400<br>KANSAS CITY, MO 64111 |
| vs. | |
| Defendant/Respondent:<br>EXIDE TECHNOLOGIES, INC. | Court Address:<br>415 3RD STREET<br>SUITE 5<br>PLATTE CITY, MO 64079 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: EXIDE TECHNOLOGIES, INC.
Alias:
CT CORPORATION SYSTEM     30
120 SOUTH CENTRAL AVE.     CTCOR VW
CLAYTON, MO 63105

COURT SEAL OF PLATTE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

Monday, February 10, 2020         /s/ Kimberly K. Johnson C.C. by Lindsey D. Burris D.C.
Date                              Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
LCW - B. LOVE (name) INTAKE SPECIALIST (title).
☐ other: _____
Served at CT CORPORATION (address)
in St. Louis County (County/City of St. Louis), MO, on FEB 20 2020 (date) at 9AM (time).

EISINGER
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer.
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____    _____
                        Date        Notary Public

FEB 12 2020 RECEIVED
2020 FEB 12 PM 2:21 ST. LOUIS COUNTY SHERIFF'S OFFICE

### Sheriff's Fees, if applicable
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-1334  1 of 1  Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:20-cv-06030-DGK   Document 1-1   Filed 03/18/20   Page 12 of 13