# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| TRENTON D. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:20-CV-06036-DGK ) |
| EXIDE TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER INVITING ADDITIONAL BRIEFING

This lawsuit stems from injuries Plaintiff Trenton Johnson suffered after falling into a vat of molten slag at Defendant Exide Technologies, Inc.'s manufacturing facility in Kansas City, Missouri, while changing a conveyor belt. At the time, Plaintiff was working as a millwright for Concorp, Inc. ("Concorp"), and Concorp had been hired by Defendant to perform certain work at the facility.

Now before the Court is Defendant's motion for summary judgment. ECF No. 89. Because Defendant has failed to brief in detail how the work Plaintiff was doing at the time of the accident was performed pursuant to a contract—a potentially dispositive issue—the Court invites supplemental briefing on this issue.

## Discussion

Defendant has moved for summary judgment claiming that the Missouri Workers' Compensation Act ("the Act") provides the exclusive remedy for Plaintiff's injury because under the Act he is considered Defendant's statutory employee.[1] This is an affirmative defense, *Peters*

---

[1] In relevant part, the Act provides:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an

*v. Wady Indus., Inc.*, 489 S.W.3d 784, 789 (Mo. 2016), which the district court may determine on a motion for summary judgment, *Hunt v. Materials Packaging Corp.*, No. 10-0153-CV-W-DW, 2010 WL 11619056, at *3 (W.D. Mo. Dec. 28, 2010) (citing *McCracken v. Wal-Mart Stores East, LP*, 298 S.W. 473, 479 (Mo. 2009)).

Under the Act, a statutory employment relationship exists if: (1) the work is performed pursuant to a contract; (2) the injury occurred on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of the alleged statutory employer's business. *McCracken*, 298 S.W.3d at 480. The party asserting the existence of statutory employee status—here, the Defendant—bears the burden of proving its existence. *Id*.

The parties dispute whether the work Plaintiff was performing when injured was pursuant to a contract and whether that work was performed in the usual course of Defendant's business. In the course of arguing there was a contract, Defendant observes that courts construe the word "contract" in the Act broadly, and it includes contracts which are written or oral, express or implied. Memo. in Supp. at 10, ECF No. 90. It also notes the essential elements of a valid contract are offer, acceptance, and bargained for consideration. Memo. in Supp. at 10. Defendant then asserts the work performed by Plaintiff "was performed pursuant to such an agreement," but it does not identify or explain what the alleged agreement here was, for example, whether it was a written or oral contract, whether it was express or implied, and how all the elements of a contract are present here. *Id*.

Defendant's failure to identify or explain what kind of contract was allegedly in place is

---

employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Mo. Rev. Stat. § 287.040.1.

problematic because Defendant argues that "[t]he work performed by Concorp and the nature of the agreement between the parties here is nearly *identical* to the agreement and work performed in *Olendorff v. St. Luke's Episcopal Presbyterian Hospitals*." *Id*. at 11 (emphasis added). But in *Olendorff*, there was a written general construction contract, a written continuing services contract, and written work orders for specific projects. 293 S.W.3d 47, 48 (Mo. Ct. App. 2009). Here there is no written continuing services contract or a written work order for the work Plaintiff performed.

While the Court can think of arguments Defendant might make in support of its position, it is not going to make Defendant's arguments for it or perform the supporting legal research. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument." (internal quotation marks and alterations omitted)); *see also Steves and Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 727 (4th Cir. 2021) ("'It is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel.'" (quoting *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010)); Fed. R. Civ. P. 7(b)(1)(B) (requiring movants to "state with particularity the grounds for seeking the order"). However, to ensure this case is resolved on the merits and the Court is fully apprised of the parties' views, Defendant may submit a supplemental brief developing its argument that the work Plaintiff was performing at the time of the accident was done pursuant to a contract.

Defendant shall submit any such brief on or before February 13, 2023, and this brief shall not exceed seven pages. If Defendant does not file a supplemental brief, the Court will simply rule on the existing record.

If Defendant files such a brief, Plaintiff shall have fourteen days to file a response which shall also not exceed seven pages. No additional briefing from either party will be permitted.

3

All supplemental briefs shall contain pinpoint citation to recent,[2] relevant caselaw (preferably controlling caselaw). Supplemental briefs shall not contain new suggested undisputed facts or argue facts. Supplemental briefs shall also not repeat passages from earlier filed briefs.[3] Supplemental briefs should instead develop an existing argument concerning whether the work Plaintiff was performing was done pursuant to a contract or respond to the other party's argument concerning whether the work Plaintiff was performing was done pursuant to a contract.

**IT IS SO ORDERED.**

Date:  February 6, 2023                  /s/ Greg Kays
                                                                   GREG KAYS, JUDGE
                                                                   UNITED STATES DISTRICT COURT

---

[2] Defendant's briefs cite to several cases from the 1980s or 1990s when there are more recent cases for the same propositions.

[3] For example, several paragraphs on pages ten and eleven of Defendant's initial brief are virtually identical to paragraphs on pages ten through twelve of Defendant's reply brief. Repeating portions from an earlier filed brief is not helpful.